James P. Krauzlis, Esq.
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FEDERAL INSURANCE COMPANY a/s/o
Conmed Corporation                                                    18 Civ.   -

            Plaintiff,
                                                                    **COMPLAINT**

      - against -

KUEHNE + NAGEL, INC. and TRANSPAC
CONTAINER SYSTEM LIMITED OF HONG
KONG, trading as Blue Anchor Line,

            Defendants.
-------------------------------------------------------------------X

      Plaintiff, FEDERAL INSURANCE COMPANY a/s/o Conmed Corporation, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the OOCL bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

### THE PARTIES

      2.      At all material times, Federal Insurance Company (hereinafter "FIC" or "Plaintiff") was and is a corporation with an office and place of business located at 15

Mountainview Road, Warren, New Jersey 07059, and is the subrogated underwriter of the consignment of medical supplies, as more specifically described below.

3.     At all material times, defendant, KUEHNE + NAGEL, INC.   (hereinafter "Defendant" or "K+N") was and is a corporation with an office and place of business located at 10913 South River Front Parkway, South Jordan, UT 84095 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4.     At all material times, defendant, TRANSPAC CONTAINER SYSTEM LIMITED OF HONG KONG, trading as Blue Anchor Line (hereinafter "Defendant" or "BAL") was and is a corporation with an office and place of business located at 230-59 Rockaway Blvd, Ste 260, Springfield Gardens, New York 11423 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

5.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVENT FACTS

6.     In or about April 6, 2017, Conmed Corporation, the cargo shipper and/or its agents contracted with K+N and/or BAL to transport a consignment of 800 cartons of ConMed Sure-fit Dispersive Electrodes (medical supplies) from Savannah, Georgia, to Osaka, Japan. K+N contracted with BAL to perform the actual ocean transit of the consignment of medical supplies from Savannah, GA, to Osaka, Japan.

7.     On or before April 6, 2017, a consignment of 800 cartons of medical supplies, then being in good order and condition, were loaded into a refrigerated ocean shipping container that had been provided by K+N and/or BAL numbered HLXU8721089.On or about April 6, 2017 the ocean shipping container of medical supplies was delivered into the custody and control of K+N and./or BAL, and/or their respective agents in Savannah, GA, for transportation to Osaka, Japan.

8.     The transportation of the consignment was all arranged in consideration of an agreed upon freight, and pursuant to a BAL bill of lading numbered BANQATL3089745 6321-9113-703.033, signed on or on behalf of the Master, dated April 6, 2017, relating to the 800 cartons of medical supplies loaded into container HLXU8721089.

9.     Thereafter, on or about April 6, 2017 the aforementioned container was loaded aboard the M/V MOL MANEUVER and on or about April 6, 2017 the vessel departed Savannah, GA, for her intended destination.

10.     On or about May 12, 2016 the subject shipment arrived in Osaka, Japan, and the subject container was discharged and thereafter delivered to the consignee Japan MedicalNext Co. Ltd. in Osaka, Japan, who, upon receipt of the container, found the shipment to have been temperature damaged in transit.

11.     When container HLXU8721089 arrived at the consignee's warehouse in Osaka, Japan, and the cargo inspected, it was determined that despite instructions by the shipper, Conmed Corporation, to K+N and/or BAL to have the consignment shipped at +25°C it was found that the reefer container HLXU8721089 had, instead, been set for -25°C.

12.     The entire shipment was found to be damaged beyond use due to the improper temperature setting used during the carriage of the shipment of medical supplies and the

consignee, Japan MedicalNext, rejected the shipment and the container load of product was returned back to ConMed Corporation.

13.     Upon examination of the 800 Cartons of ConMed Sure-fit Dispersive Electrodes by Conmed Corporation it was determined that said consignment was a constructive total loss and of no residual value and had to be destroyed.

14.     The damage to the shipment in question was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their respective agents.

15.     As a result of the foregoing, Conmed Corporation suffered a loss in the amount of $148,726.56, no part of which has been paid, despite due demand.

16.     At all times relevant hereto, a contract of insurance for property damage was in effect between Conmed Corporation and FIC, which provided coverage for, among other things, loss or damage to the consignment.

17.     Pursuant to the aforementioned contract of insurance between Conmed Corporation and FIC, monies have been expended on behalf of Conmed Corporation to the detriment of FIC due to the damages sustained during transit.

18.     As FIC has sustained damages as the result of said expenditures, expenditures rightly the responsibility of defendant, FIC has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

19.    By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $148,726.56.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

20.    The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 19, inclusive, as if herein set forth at length.

21.    Pursuant to the contract entered into between the parties, the defendants owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

22.    The defendants breached their contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

23.    As a direct and proximate result of said breach of contract by defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $148,726.56.

24.    By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $148,726.56.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

25.    The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 24, inclusive, as if herein set forth at length.

26.    Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the defendants owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for,

protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

27.     The defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

28.     As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $148,726.56.

29.     By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $148,726.56.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

30.     The Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 29, inclusive, as if herein set forth at length.

31.     The Defendants owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

32.     The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

33.     As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $148,726.56.

34.    By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $148,726.56.

**WHEREFORE,** Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $148,726.56, together with interest, costs and the disbursements of this action; and

3.    That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      May 17, 2018
      115-1481

                         CASEY & BARNETT, LLC
                         Attorneys for Plaintiff

By:    _____
                         James P. Krauzlis
                         305 Broadway, Ste 1202
                         New York, New York 10010
                         (212) 286-0225